provided that the attorney should receive one-half of any amount received in settlement or judgment recovered. There is the manifest difference which exists between the rights arising upon a violation of a contract or under it.

The judgment is affirmed, with costs. All concur.

---

### In re HARDER'S ESTATE.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

TAXATION—TRANSFER TAXES—EXEMPTIONS—RELATIONSHIP OF PARTIES.

> Under Laws 1896, p. 869, c. 908, § 221, providing that, where property passes by will or the intestate laws to any person to whom decedent for not less than 10 years prior to such transfer stood in the mutually acknowledged relation of a parent, it shall not be taxable, unless it is personal property of the value of $10,000 or more, in which case it shall be taxable at the rate of 1 per cent., as amended by Laws 1905, p. 829, c. 368, § 221, requiring the parents of such person to have been dead when such relationship commenced, both parents must have been dead when the relationship commenced to entitle one to the exemption or the rate of tax of 1 per cent., instead of 5 per cent., as imposed by Laws 1905, p. 828, c. 368, § 220; and it is insufficient that one parent was dead when the relationship commenced.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1692.]

Appeal from Surrogate's Court, Columbia County.

In the matter of the appraisal of the estate of Sarah M. Harder, deceased. From an order of the Surrogate's Court fixing and assessing a transfer tax of 5 per cent. under Laws 1905, p. 828, c. 368, § 220, on a legacy, legatees appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John L. Crandall, for appellants.
Frank S. Becker, for respondent.

SEWELL, J. The only question presented by this appeal is whether a legacy of $50,000 to the appellants should have been assessed at the rate of 1 or 5 per centum. It is conceded that the appellants are the children of Charles N. Harder, a son of Philip M. Harder and Caroline Nash Harder; that Caroline Nash Harder died January 28, 1856; that Philip M. Harder and the deceased were married in October, 1838, when Charles was about 4 years of age; that for more than 10 years thereafter Charles N. Harder lived in his father's family with the testatrix; and that she stood in the mutually acknowledged relation of a parent during that time. It is also conceded that Philip N. Harder died August 15, 1904, and the testatrix died January 19, 1907. The surrogate decided and decreed that the legacy to the appellants was subject to a transfer tax of 5 per centum, under chapter 368, p. 828, of the Laws of 1905.

Section 221, c. 908, p. 869, of the Laws of 1896, provided that, when property or any beneficial interest passes by will or the intestate laws of this state to any person to whom the decedent for not less than 10 years prior to such transfer stood in mutually acknowledged relation

of a parent, it shall not be taxable, unless it is personal property of the value of $10,000 or more, in which case it shall be taxable at the rate of 1 per centum upon its market value. This section was amended by section 221, c. 368, p. 829, of the Laws of 1905, by adding thereto:

` "Provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter, and provided also that the parents of such child shall be deceased when such relationship commenced."

There is no force in the contention of the appellants that the Legislature did not intend by this amendment to change the exemption and the amount of the tax, if one of the parents of the child was living when the relationship commenced. The language of the amendment is clear, definite, and certain, and, while there may be no satisfactory reason for limiting the exemption or the rate of the tax to a case where both parents were dead when the relationship commenced, it is certain that the Legislature has done so, and it is the duty of the courts to give it effect.

The order appealed from, therefore, should be affirmed, with costs to respondent comptroller. All concur.